## EX PARTE GEORGE PHILLIPS.

### No. 425.   Decided March 7.

1. **Malicious Mischief—Wounding Animal—Jurisdiction of Justice of the Peace—Statutory Law.**—A justice of the peace has jurisdiction of offenses under article 679 of the Penal Code, where the punishment for wounding an animal "with intent to injure the owner" is by fine of not less than $10 nor more than $200.

2. **Same.**—The offense of willfully wounding an animal with no intent to injure the owner, as denounced by article 680 of the Penal Code, is made punishable by fine not exceeding $250, and consequently is not an offense within the jurisdiction of a justice of the peace, such jurisdiction being limited to $200.

APPEAL from the County Court of Leon.   Tried below before Hon. H. B. PRUITT, County Judge.

The complaint upon which relator was tried in the Justice Court is as follows:

"THE STATE OF TEXAS, } In Justice's Court, Precinct No. 3.
    "County of Leon.    }

"Personally appeared before me, T. A. Holland, a Justice of the Peace in and for Precinct No. 3, Leon County, Texas, G. A. Parrish, who, after being by me duly sworn, on oath deposes and says that heretofore, to wit, on or about the 3rd day of July, 1893, in the County of Leon and State of Texas, one George Phillips did then and there unlawfully and willfully wound a horse by shooting, the said horse belong-

ing to G. A. Parrish, which is against the peace and dignity of the State.                              [Signed]       "G. A. PARRISH.

"Sworn to and subscribed before me the 4th day of July, 1893.
                                        "T. A. HOLLAND,
                                        "Justice of the Peace."

A further statement of the case is found in the opinion.

*Watson* and *Dean & Dean*, for relator.—Justices of the peace have no jurisdiction in criminal matters when the fine to be imposed by law may exceed $200. Const. 1876, art. 5, sec. 19; Penal Code, art. 680; Ex Parte McGrew, 40 Texas, 472.

SIMKINS, JUDGE.—Relator was convicted in the Justice Court of Precinct No. 3 of Leon County of the offense of willfully wounding a horse, and fined in the sum of $50. In default of payment he was committed to the county jail on January 26, 1894. Shortly after, to wit, January 29th, he sued out a writ of habeas corpus before the Hon. H. B. Pruitt, county judge of Leon County. The application was heard February 13th, and petitioner remanded to the custody of the sheriff, and he appeals to this court.

The proposition is, that the justice was without jurisdiction to hear and determine the cause, and the judgment under which relator is held is a nullity.

The code clearly states, that when one kills, maims, wounds, or disfigures any domesticated animal or bird, with intent to injure the owner, the punishment is not less than $10 nor more than $200. Penal Code, art. 679. This offense is clearly within the jurisdiction of the justice of the peace. But where a person willfully *or* wantonly kills or wounds any such animal or bird, that is to say, without the intent to injure the owner, he shall be fined not exceeding $250—an offense not within the jurisdiction of a justice of the peace.

The complaint in this case charges, that appellant, "on the 3rd day of July, 1893, did unlawfully and willfully wound a horse by shooting, the said horse belonging to G. A. Parrish, which is against the peace and dignity of the State." An intent to injure the owner, G. A. Parrish, is not alleged. Had this allegation been made, a different offense would have been charged, and one within the jurisdiction of the justice.

The court below was probably led into belief that the prosecution could be sustained under article 679 of the Penal Code, because it says, that "in prosecutions under this article *the intent to injure may be presumed from the perpetration of the act.*" This, however, refers to proof, not to allegations—that is to say, you must allege in your complaint the

act was done with intent to injure the owner, and on trial the proof of the act being *willfully* done will sustain the allegation.   The justice was without jurisdiction to try the case.   The judgment of the County Court is reversed, and relator discharged from custody.

*Reversed, and relator discharged.* ·

Judges all present and concurring.